ANNIE DUTLINGER ET AL. *v.* R. D. SALMONS ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—395.]

**Claims of Creditors of Husband as Against Wife.**

Parol contracts between the husband and wife as to the personalty of the wife in his possession and under his control will not be permitted to interfere with the claims of creditors of the husband.

APPEAL FROM SIMPSON CIRCUIT COURT.

November 15, 1881.

OPINION BY JUDGE PRYOR:

This case is unlike that of Campbell *v. Galbreath,* 12 Bush (Ky.) 459. There the husband had never reduced the money of the wife to his possession, but on the contrary executed to her a mortgage to secure it for her separate use. Suppose in that case, as in this, the husband had collected the money and paid it to a creditor or invested it for his own use; it is evident that as between the creditor of the husband and the wife of the debtor the latter would have no equity. Parol contracts as between the husband and wife as to the wife's personalty in his possession and under his control will not be permitted to interfere with the claims of creditors. In this case the money belonged originally to his wife, or she inherited it from her deceased child. The husband had it in his possession and invested it in the firm of Salmons & Co. as his own. There is no pretense that it was paid for the house and lot in controversy, or that the firm of Salmons & Co. has ever received one dollar for this property, but that the whole amount of the money has been lost by the investment made in the partnership. It is unreasonable to suppose that a check would be sent by the husband to Salmons, or to Salmons & Co. in his own name, for this money, and used as a part of the firm capital, if, as appellants now insist, it was for the purchase of the house and lot. Appellants took possession of the house and lot belonging to the firm, and although purchased, as is alleged, for the wife, no written evidence of the contract was ever entered into, and the other partners are entirely ignorant of the existence of any agreement between the wife and husband. The firm was charged for shrubbery set out on the premises, and other improvements made, and still it is claimed that the property belonged to the wife.

The payment of the taxes may have been made, and the firm may have agreed to let Salmon have the property at a fixed price; still this did not vest his wife with any title to the property so as to defeat the claim for the purchase money, even if such a contract had been made. The husband may have practiced a fraud on his wife, and the facts of the record conduce to show this and nothing more; but it is too late after he has used this money for his own purposes for the wife to assert her claim as against his creditors, either for the house and lot or the money invested in

the firm by her husband.   The firm's liabilities, as well as her husband's indebtedness, must be first discharged.

Judgment *affirmed.*

*C. W. Milliken, for appellants.*

*Walker & Walker, for appellees.*